UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT McDARIS,

                Plaintiff,        CASE NO. 4:06-cv-00545-SPM-WCS

vs.

RULE INDUSTRIES, INC.,

                Defendant.
_____/

**STIPULATED PROTECTIVE ORDER AND
CONFIDENTIALITY AGREEMENT**

WHEREAS, Plaintiff and Defendant in the above captioned lawsuit expect to serve document demands or other discovery requests upon the other party and certain information demanded in discovery pertains to trade secrets, proprietary data, or is deemed confidential by the producing party.

WHEREAS, Plaintiff and Defendant desire to preserve and maintain the confidentiality of certain documents and information expected to be discovered in this action.

WHEREAS, Plaintiff and Defendant, pursuant to Rule 26(c), Federal Rules of Civil Procedure, stipulate and agree that good cause exists for the entry of a Protective Order and Confidentiality Agreement.

07 SEP -7    9: 19

KM

FILED

- 1 -

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the documents and other information designated as Confidential in response to discovery in this litigation shall be subject to terms of this Protective Order and Confidentiality Agreement ("Agreement") as set forth below:

1. This Agreement shall govern all information and documents produced by Defendant and designated by it as confidential. Defendant shall designate material as confidential by placing a marking on the document, in a manner which will not interfere with its legibility, indicating that said document is produced pursuant to this Agreement.

2. This Agreement shall apply to and govern all documents and information designated by Defendant as confidential whether or not such documents or information are informally produced or produced in response to a formal discovery request in this case. Defendant may designate its answers to interrogatories, responses to other discovery requests and deposition transcripts and exhibits as confidential and protected by this Agreement. With respect to deposition testimony, the designation of confidentiality may be made on the record, at the time of the deposition, at which time the testimony shall be subject to the full protection of this Agreement. In the case of testimony not so designated during the course of a deposition, counsel may, within 10 days of receiving the deposition transcript, notify the parties that the deposition testimony contains confidential material, in which case the testimony shall be subject to the full protections of this Agreement.

3. In the event that any confidential material is included with, or the contents thereof are in any way disclosed, in any pleading, motion, deposition transcript or other paper filed with the Court Clerk, such confidential materials shall be filed under seal in an envelope marked "Confidential." Although entire transcripts containing confidential testimony shall be marked as "Confidential," only such testimony as has been designated as confidential shall be subject to the protections of this Agreement.

4. No portion of the documents marked confidential shall otherwise be released except upon court order for good cause shown or upon the written authorization of Defendant.

5. Within 30 days after the conclusion of all aspects of this action, documents marked confidential in accordance with this Agreement and all copies thereof, which had previously thereto been filed with the District Court Clerk, shall be returned to counsel for Defendant (McGuireWoods LLP, 50 North Laura Street, Suite 3300, Jacksonville, Florida 32202). Unless otherwise agreed to by the parties, Defendant will pay for the shipping expense.

6. Except as otherwise directed by the Court, the documents and information produced by Defendant and designated as protected by this Agreement shall be revealed only to:

    a) counsel of record for the parties in this action and their staff;

    b) their experts or consultants;

    c) the Court and Court personnel for any purpose the Court finds necessary; and

       d)       jurors and court personnel at trial of plaintiff's action against Defendant as necessary for trial purposes.

       7.       With the exception of persons identified in subparts (c) and (d) of paragraph 6, no person entitled to access to protected documents or information under this Agreement shall be provided with the protected documents or information unless such individual has (a) read this Agreement and (b) completed and signed the affidavit provided. No person entitled to access to protected documents or information shall discuss the contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect or examine the materials protected herein.

       8.       Each person who reviews or inspects confidential documents or materials subject to this Agreement shall be brought within the personal jurisdiction of this Court, including its contempt power by signing a copy of the attached affidavit signifying agreement to the provisions of this Agreement and consenting to the jurisdiction of this Court over his or her person for any proceedings involving alleged improper disclosure of said protected documents or materials. Each person's signature shall be notarized by an officer of a competent jurisdiction.

       9.       Counsel for plaintiffs shall maintain a list of the names of all persons, including all experts expected to testify at trial, who inspect or review confidential documents produced by the Defendant or who receive any copies of such confidential documents pursuant to this Agreement and shall make such a list available to Defendant's counsel at the conclusion of this litigation against Defendant, including all appeals.

10. The documents and information produced to plaintiffs pursuant to the terms of this Agreement shall be used for the sole and limited purpose of preparation for and trial of this action against Defendant and shall not be used for any other purpose.

11. Following termination of this litigation, the provisions of this Agreement relating to the confidentiality of protected documents and information shall remain in full force and effect and continue to be binding, except with respect to documents or information which are no longer confidential. The Court shall retain jurisdiction over all persons provided access to confidential materials or information for enforcement of the provisions of this Agreement following termination of this action against Defendant and the final conclusion of this action.

12. Neither this Agreement nor the designation of any item as confidential shall be construed as an admission that such material, or any testimony in respect to such material in a deposition or otherwise, would be admissible in evidence in this litigation or in any other proceeding. In addition, this Agreement does not, of itself, require the production of any information or documents.

13. Nothing in this Agreement shall be deemed a waiver of Defendant's right (a) to oppose discovery on grounds other than that the same constitutes or contains confidential information, or (b) to object on any ground to the admission in evidence, at the trial of this action, of any confidential information.

14. Nothing in this Agreement shall be deemed to preclude any party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information. Nor shall any provision of this Agreement

be deemed to preclude any party from challenging the validity of the confidentiality of any materials so designated. If Plaintiff elects to challenge the designation of confidentiality of any document or information pursuant to this Agreement, then Plaintiff shall notify Defendant of its challenge in writing. Plaintiff's written notification shall contain, with particularity, a description or list of the challenged document(s) and the basis or reason(s) for such challenge. Within 30 days of the receipt of Plaintiff's written notice, Defendant shall respond in writing informing Plaintiff that it will either voluntarily remove the confidential designation or rejecting Plaintiff's challenge. If the parties do not resolve the challenge, then, Defendant shall have thirty (30) days, or any other time period agreed to by the parties, from the date of Defendant's written response to move for a protective order from the Court. All documents, testimony or other materials designed by Defendant as confidential, however, shall retain their confidential status until such time as the parties' contentions regarding the confidentiality of documents so designated are fully and finally adjudicated, including any appeal(s), as Defendant may desire.

15. Violation by any person of any provision of this Agreement shall be punishable as contempt of Court. Further, Defendant may pursue any and all civil remedies available to it for breach of the terms of this Agreement.

Done and Ordered this 6th day of September, 2007.

/s/ Stephen␣␣␣␣␣␣␣␣␣␣
JUDGE

Agreed this 29th day of March, 2007.

| AUSLEY & McMULLEN | McGUIREWOODS LLP |
|---|---|
| By: s/Ken Abele, Esq.<br>Kenneth P. Abele, Esq.<br>Florida Bar No. 0254370<br>227 S. Calhoun St.<br>P.O. Box 391<br>Tallahassee, FL 32302<br>Tel:   850-425-5497<br>Fax:  850-222-7560<br>Attorney for Plaintiff | By:  s/Julio C. Salvador.<br>Julio C. Salvador, Esq.<br>Florida Bar No. 0991510<br>50 N. Laura Street, Suite 3300<br>Jacksonville, FL 32202<br>Tel:  904-798-3200<br>Fax:  904-798-3207<br>Attorneys for Defendant |

\4379150.3